IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUGAR R. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-522-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Claimant, Sugar R. Griffin ("Griffin"), pursuant to U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Griffin appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Griffin was not disabled. For the reasons discussed below, the Court **REVERSES** the Commissioner's decision.

**Claimant's Background**[1]

At the time of the October 25, 2010, hearing before the ALJ, Griffin was 56 years old. (R. 27). He was right handed. Id. He knew how to drive, but he did not have a driver's license. (R. 28). He had been released from incarceration in the Oklahoma prison system on March 27, 2009. (R. 29). He had an eleventh grade education. (R. 30). In the fifteen years before the hearing, Griffin had done landscape work. (R. 40-43).

Griffin testified that he had problems with his shoulders. (R. 46-47). He testified that his shoulders hurt and that he could not move them as he had previously been able to. (R. 55). His right shoulder hurt more than the left. Id. He said that he could lift his right arm over his head, but he would need to do it gradually and he couldn't lift it straight up. (R. 56). He would be limited in reaching an item, such as a pack of cigarettes, from an overhead position. Id. He was not as limited in use of his left arm, but he was right-handed. (R. 57). Griffin said that he was limited to lifting about 25 or 30 pounds. Id.

Griffin was seen at an OU Physicians clinic on May 19, 2009 for a recheck of his blood pressure. (R. 314-15). He also complained of pain in his left arm below the shoulder due to lifting a weedeater. (R. 314). He was diagnosed with rotator cuff sprain and strain, and he was advised to use ice, exercises, and over-the-counter analgesics. (R. 315). He was advised to avoid heavy lifting. Id. At a return visit on June 23, 2009, Griffin said that the rotator cuff problem was not bothering him as much. (R. 312).

---

[1] The only issue before the Court relates to Griffin's ability to reach and/or lift. Due to the narrowness of this issue, the Court omits to summarize other information that is included in the administrative record.

Agency examining consultant Corey R. Babb, D.O. completed an examination of Griffin and report on October 12, 2009. (R. 318-22). The examination was largely normal, but Dr. Babb noted reduced range of motion of both of Griffin's shoulders in abduction and forward elevation. (R. 321). In an undated note in response to a request for explanation, Dr. Babb stated that he believed that Griffin's decreased range of motion in his shoulders was due to pain. (R. 323).

X-rays of Griffin's shoulders were taken on December 4, 2009 as part of the agency review process, and an agency consultant interpreted the x-rays. (R. 354). Regarding Griffin's right shoulder, the physician's impression was that there was "mild osteophytic change seen at the AC[2] joint and the humeral head rides rather high in the joint itself suggestive of possible rotator cuff pathology." Id. The left shoulder was found to have mild to moderate AC joint arthritis. Id.

Dr. Thurma Fiegel, M.D., a nonexamining agency medical consultant, completed a Physical Residual Functional Capacity Assessment on December 22, 2009. (R. 365-72). Dr. Fiegel found that Griffin had the exertional capacity to perform medium work. (R. 366). In the section for narrative comments, Dr. Fiegel said that Griffin's examination by Dr. Babb was normal except for limited range of motion of the shoulders. Id. She noted that the x-rays had shown AC joint changes and arthritis. Id. Regarding manipulative limitations, she said that Griffin was limited in reaching in all directions, and she added the narrative comment that Griffin could "occasionally reach overhead with either arm." (R. 368). She found that no other limitations were established. (R. 367-72).

---

[2] The acromioclavicular joint. Dorland's Illustrated Medical Dictionary 2136 (31st ed.).

A second Physical Residual Functional Capacity Assessment was completed by nonexamining agency consultant John Pataki, M.D. on February 23, 2010. (R. 418-25). As did Dr. Fiegel, Dr. Pataki found that Griffin had the exertional capacity to perform medium work. (R. 419). In the section for narrative comments, Dr. Pataki made a similar note regarding Dr. Babb's examination and the results of the x-rays of Griffin's shoulders. (R. 419-20). Regarding manipulative limitations, Dr. Pataki again noted that Griffin was limited in reaching in all directions, adding the narrative comment that Griffin had "[l]imited overhead reach bilaterally due to shoulders." (R. 421). He found that no other limitations were established. (R. 420-25).

## Procedural History

On May 22, 2009, Griffin filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C §§ 401 *et seq*. (R. 141-46). Griffin's application was denied initially and on reconsideration. (R. 91-94, 103-05). A hearing before ALJ John W. Belcher was held on October 25, 2010 in Tulsa, Oklahoma. (R. 22-77). By decision dated November 19, 2010, the ALJ found that Griffin was not disabled. (R. 11-21). On July 20, 2011, the Appeals Council denied review of the ALJ's findings. (R. 1-3). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520.[3] *See also Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (detailing steps). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.*

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The court's review is based on the record taken as a whole, and the court will "meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking 'into account whatever in the record fairly detracts from its weight.'" *Id., quoting Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The court

---

[3] Step One requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App.1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to Step Four, where the claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's Step Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account his age, education, work experience, and RFC, can perform. *See Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

"may neither reweigh the evidence nor substitute" its discretion for that of the Commissioner. *Hamlin,* 365 F.3d at 1214 (quotation omitted).

## Decision of the Administrative Law Judge

The ALJ found that Griffin met insured status through June 1, 2008. (R. 13). At Step One, the ALJ found that Griffin had not engaged in substantial gainful activity since his asserted onset date of June 1, 2008. *Id.* At Step Two, the ALJ found that Griffin had severe impairments of arthritis, bilateral AC joint arthritis, and antisocial behavior. *Id.* At Step Three, the ALJ found that Griffin's impairments did not meet the requirements of a Listing. (R. 14).

The ALJ determined that Griffin had the RFC to perform medium work with mental nonexertional limitations. (R. 14). At Step Four, the ALJ found that Griffin was able to perform his past relevant work as a landscaper. (R. 20). As an alternative finding, at Step Five the ALJ found that there were jobs in significant numbers in the national economy that Griffin was capable of performing, considering his age, education, work experience, and RFC. (R. 20-21). Therefore, he found that Griffin was not disabled at any time from June 1, 2008 to the date of the decision. (R. 21).

## Review

On appeal, Griffin presents one issue, although he casts it as error both in the ALJ's RFC determination and in the ALJ's use of opinion evidence. Griffin contends that it was error for the ALJ to omit in his RFC determination any mention of the limitations in reaching that both Dr. Fiegel and Dr. Pataki made in their Physical Residual Functional Capacity Assessments.

The Court agrees with Griffin that the ALJ erred by failing to include the limitation that both Dr. Fiegel and Dr. Pataki gave that Griffin was limited to only occasional overhead reaching. *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). The claimant in *Haga* had numerous

physical and mental impairments, and the ALJ had included nonexertional restrictions in his RFC determination, limiting the claimant to "simple repetitive tasks" with "only incidental contact with the public," and "no requirement for making change." *Id.* at 1207. A consultant had completed an RFC form indicating that the claimant was moderately impaired in seven functional categories. *Id.* The claimant argued that the ALJ had implicitly rejected the consultant's opinion by failing to include any accommodations in his RFC determination that addressed the consultant's assessment that the claimant had moderate difficulty in her ability to deal appropriately with supervisors and coworkers and to respond appropriately to workplace pressures and changes. The ALJ had given no explanation relating to why he did not address some of the consultant's findings of moderate restrictions while including others, and the Tenth Circuit agreed that this omission required reversal so that the ALJ could explain the evidentiary support for his RFC determination. *Id*. at 1207-08.

Here, the ALJ's RFC determination coincides with the opinions of Dr. Fiegel and Dr. Pataki as to Griffin's ability to perform medium work. (R. 14, 366, 419). The ALJ also mentioned the x-rays that showed AC joint arthritis and the opinions of Dr. Fiegel and Dr. Pataki that Griffin was limited in his ability to reach overhead bilaterally due to that arthritis. (R. 16, 18). He did not include in his RFC, however, any limitation related to Griffin's shoulder issue, and he did not provide any explanation for that omission. Pursuant to *Haga*, therefore, reversal is required so that the ALJ can explain this omission and the evidentiary support for his RFC determination.

The Commissioner, however, argues that this is an instance in which the doctrine of harmless error should be applied. The Commissioner asserts that any error by the ALJ is harmless error because the vocational expert (the "VE") testified that there were jobs that Griffin

7

could perform when the ALJ propounded a hypothetical question that included a limitation to "only occasionally [being required] to lift overhead bilaterally." (R. 70); Commissioner's Brief, Dkt. #17, pp. 4-5. The difficulty here is that the experts' opinions were that Griffin was limited to occasional <u>reaching</u> overhead, and the ALJ instead used the phrase occasional <u>lifting</u> overhead in his hypothetical to the VE.

The Commissioner steadfastly argues that the ALJ's change of wording is harmless error,[4] but the Court is not in a position to make this factual conclusion regarding how this wording difference affects the vocational prospects of an individual with Griffin's limitations. The Court cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Henderson v. Astrue*, 383 Fed. Appx. 700, 702 (10th Cir. 2010) (unreported), *quoting Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) (further citation omitted). The undersigned will not decide what the VE would have testified regarding the importance of "occasional reaching overhead" versus "occasional lifting overhead." To do so would be to usurp "the administrative tribunal's responsibility to find the facts." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

---

[4] The Commissioner cites *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) in support of the Commissioner's position that the burden is on the claimant to show that an error is harmful. The undersigned has previously explained in detail his reluctance to apply *Sanders* in the Social Security disability context. *Clark v. Astrue*, 2010 WL 3909883 (N.D. Okla.). The Tenth Circuit, however, has recently applied *Sanders* in the Social Security disability context, albeit in a footnote in an unreported case. *See Harris v. Astrue*, 2012 WL 3893128 *2 n.1 (10th Cir.) (unreported). Here, however, Griffin has stated that the jobs identified by the VE require frequent reaching, and Griffin has therefore made a case that he was prejudiced by the ALJ's error in wording. While the Commissioner asserts that "reaching" as required by these jobs did not equate to "overhead reaching," that is the very question of fact that the VE should have been asked to answer, but was not, due to the ALJ's wording error.

This Court takes no position on the merits of Griffin's disability claim, and "[no] particular result" is ordered on remand. *Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This case is remanded only to assure that the correct legal standards are invoked in reaching a decision based on the facts of the case. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003), *citing Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

**Conclusion**

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 28th day of December 2012.

_____
Paul J. Cleary
United States Magistrate Judge